## Clark *versus* Wilson.

One of three partners sold his interest in the firm property; and, afterwards, the two other partners assigned all their interest in the real and personal estate, and also the interest of the said two partners, as members of the firm, in all the effects and personal property belonging to the firm, and all other personal property owned by the said assignors, in trust, *inter alia*, that the partnership property be subject to the claims of the partnership debts:

*Held*, that this was an assignment by the remaining partners of all the partnership effects for the benefit of creditors, and that the whole title to the partnership effects passed by such assignment.

ERROR to the Common Pleas of *Indiana county*.

This was an action of trespass by Wilson & Sedgwick, as assignees of H. T. & E. B. McLelland, for taking away sixteen tons of pig metal.

The claim of the plaintiffs was as follows: H. T. McLelland, E. B. McLelland, and S. A. Johnston were engaged in carrying on a furnace in Indiana county. On 16th July, 1849, the two McLellands made a deed of assignment of all their interest in the property of the said firm of H. T. McLelland & Co. to Wilson & Sedgwick, in trust for creditors. The deed was recorded on 1st August, 1849. Johnson did not join in the assignment. The appraisers appraised the two-thirds of the personal estate, being the interest of the McLellands therein.

The defendants in the suit justified the taking of the metal by virtue of a sale of it by Clark, a constable, under an execution issued by a justice of the peace, on a judgment against H. T. McLelland & Co. Levy made July 23, 1849.

On the part of the *defendants* it was contended that the assignment was void, on account of Johnston not having joined in it. On the trial it was testified, that Johnston made a written agreement with D. Ralston for the sale of his interest in the furnace, two or three months before the assignment to Wilson & Sedgwick, but the witness did not know "that the agreement was ever carried into effect."

BURRELL, J., directed a verdict for the plaintiffs, reserving the question as to the validity of the assignment. Verdict was rendered for plaintiffs for $155.88. Subsequently, in his opinion, he observed, that it appears that Johnson, the non-assigning partner, sold his interest in the furnace establishment and property to Ralston before the assignment, and that it cannot be material whether that contract of sale was eventually carried into effect or not, for by his sale he dissolved his connection with the firm, and left in the hands of the McLellands all the partnership powers, authorities, and duties, and *they* had power to execute a valid

[Clark *v.* Wilson.]

assignment of the partnership assets in trust for creditors. As to their power to transfer the whole of the partnership effects, he referred to 5 *Cranch* 289; 5 *Watts* 22, Deckard *v.* Case; 6 *W. & Ser.* 300, Hennessy *v.* The Western Bank.

He directed judgment to be entered for the plaintiffs.

Error was assigned to the opinion, and in rendering judgment for the full value of the property levied on and sold, it being alleged that the assignees claimed but two-thirds of it under the assignment.

*Stewart,* for plaintiffs in error.

*White,* with whom was *Coffey,* for defendants.

The opinion of the Court was delivered by

LOWRIE, J.—Johnston sold out his interest in the firm of McLelland & Co., and that left the two McLellands in possession of the firm property, with the power to dispose of it and account to the assignee of Johnston for his share. After that the McLellands assigned to the defendants (among other things) all their rights and interest " as members of the firm of McLelland & Co.," in the effects of the firm, in trust for creditors, providing that the partnership property should be applied to the payment of partnership debts. This has been properly treated as an assignment by two partners of all the partnership effects for the benefit of creditors; and the question raised and discussed here, and which rules the whole case, is: had they power, under such circumstances, to pass the whole title by such an assignment? This question was properly decided by the Court below in the affirmative. Johnston could not complain, for he had parted with his interest. His assignee could not, for his right attaches only to the share which shall appear to belong to Johnson on a full settlement, and that right is not affected. The creditors cannot complain, for the act is for their benefit.

Judgment affirmed.